UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHADWICK MCMILLEN, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00214 |
| BUREAU OF PRISONS, *et al.*, | § § § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Chadwick McMillen, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that the Court: (1) **DISMISS** the **Bureau of Prisons (BOP)** from this action; (2) **DISMISS with prejudice** Plaintiff's Eighth Amendment claims against **Officer B. Castro** in his official capacity; and (3) **DISMISS with prejudice** Plaintiff's Eighth Amendment claims against **Officer B. Castro** in his individual capacity for failure to state a claim for relief. The undersigned further

respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a federal inmate confined at the Federal Correctional Institution in Three Rivers, Texas (FCI-Three Rivers). Plaintiff's allegations in this case arise in connection with his stay at the FCI-Three Rivers.

Plaintiff named the BOP as the sole defendant in his original two-page complaint. (D.E. 1, p. 1). At the Court's direction, Plaintiff filed an Amended Complaint in which he names only Officer Castro in his individual and official capacity. (D.E. 13, p. 3). Because Plaintiff has abandoned his claims against the BOP, the undersigned recommends that the BOP be dismissed from this action.

Plaintiff seeks monetary relief and alleges the following facts in his Amended Complaint. (D.E. 13). On August 8, 2021, Officer Castro was in the process of serving lunch to Plaintiff. Officer Castro dropped the tray containing the lunch, causing food to

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

spill onto the floor. Officer Castro nevertheless offered the tray to Plaintiff at his cell. While Plaintiff denied the tray, Officer Castro asked if Plaintiff wanted to eat.

On August 9, 2021, Plaintiff informed Officer Castro that: (1) his cell mate was a member of a gang whose members wanted to stab Plaintiff; and (2) his cell mate exposed himself in front of Plaintiff and said he was going to kill Plaintiff.  Officer Castro ignored Plaintiff's complaints about these dangers.  An altercation subsequently transpired in which Plaintiff was cut, presumably by his cell mate.  Plaintiff was housed in protective custody at the time he was attacked.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to

present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C.

§ 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A *Bivens*[2] action is analogous to an action under § 1983, except that it applies to constitutional violations by federal, rather than state, actors.  *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

## IV.   DISCUSSION

Plaintiff prepared his complaint on a § 1983 form, and it was docketed by the Court under § 1983.  However, he names a federal official working at FCI-Three Rivers as the sole defendant in this case.  Because Officer Castro is a federal actor and not a state actor, the undersigned construes Plaintiff's complaint as arising under *Bivens*.

### A. Official Capacity

Plaintiff sues Officer Castro in his official capacity.  A *Bivens* action only provides a remedy for victims of constitutional violations by federal officers in their individual capacities.  *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). The United States, federal agencies, and federal employees sued in their official capacities, however, are protected by the doctrine of sovereign immunity from constitutional claims asserted under *Bivens*. *Gibson v. Federal Bureau of Prisons*, 121 F. App'x. 549, 551(5th Cir. 2004) (per curiam) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001)); *Aguero v. Transportation Officers*, No. H-17-1612, 2018 WL 2117339, at *1-2 (S.D. Tex. May 8, 2018).  Because Plaintiff's *Bivens* claims against Officer Castro in his official capacity is barred, the undersigned respectfully

---

[2] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

recommends that Plaintiff's *Bivens* claims against him in his official capacity be dismissed with prejudice.

### B. Individual Capacity

The Supreme Court recognizes that *Bivens* claims against federal officials are limited to three types of cases. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Fifth Circuit in *Oliva v. Nivar*, 973 F.3d 438 (5th Cir. 2020) explains:

> *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90 …; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 … (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468 … (1980).

*Oliva*, 973 F.3d at 442.

To determine whether *Bivens* allows a particular cause of action, courts must consider: (1) whether a case involves a "new context" that is distinct from these cases, and (2) whether any "special factors" preclude extending *Bivens* to this "new context." *Maria S. as Next Friend for E.H.F. v. Garza*, 912 F.3d 778, 784 (5th Cir. 2019) (citation omitted). Extending *Bivens* to new contexts is a disfavored judicial activity. *Abbasi*, 137 S. Ct. at 1857 (citation omitted). "Virtually anything other than the circumstances presented in *Bivens, Davis*, or *Carlson* is a 'new context' precluding the existence of a *Bivens* remedy

if special factors counsel against extension." *Awan v. Harmon*, No. 3:17-CV-130-C, 2021 WL 2690088, at *6 (N.D. Tex. June 1, 2021) (quoting *Oliva*, 973 F.3d at 442).

By expressing its understanding that a "new context" is broad, the Supreme Court construes "a 'context' as new if it is 'different in a meaningful way from previous *Bivens* cases decided by this Court.'" *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (quoting *Abbasi*, 137 S. Ct. at 1859). In *Carlson*, the Supreme Court allowed a federal inmate to bring an Eighth Amendment claim of deliberate indifference in a *Bivens* action as it related to inadequate medical attention. *Carlson*, 446 U.S. at 16 n. 1. Courts have consistently held that, following the Supreme Court's decision in *Abbasi*, "Eighth Amendment claims that do not relate to medical treatment arise in a new context for *Bivens* purposes." *Awan*, 2021 WL 2690088, at *9 (collecting cases).

As set forth in his Amended Complaint, Plaintiff's allegations do not relate to the delay or denial of adequate medical treatment. Rather, Plaintiff alleges that Officer Castro effectively denied him a meal on one occasion and failed to protect him from harm by a cell mate on another occasion. Liberally construed as Eighth Amendment claims, they each arise in a new *Bivens* context because they do not involve the failure to provide him with adequate medical care. *See Awan*, 2021 WL 2690088, at *9-10.

This Court must next consider whether any "special factors" exist to preclude extending the *Bivens* remedy into such new contexts. The Supreme Court sets forth that a *Bivens* cause of action should not be inferred "if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for

enforcing the law and correcting a wrong." *Abbasi*, 137 S. Ct. at 1858. Furthermore, "if there is an alternative remedial structure present in a certain case," the existence if such a structure "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id.*

Consideration of special factors preclude extending the *Bivens* remedy to Plaintiff's deliberate indifference claims. On this same issue, the *Awan* court explained:

> Congress has already legislated extensively with respect to prisoners' rights, and "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." [*Abbasi*, 137 S. Ct.] at 1865. "Some 15 years after *Carlson* was decided, Congress passed the [PLRA], which made comprehensive changes to the way prisoner abuse claims must be brought in federal court." *Id.* (citing 42 U.S.C. § 1997(e)). "So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." *Id.* "*Abbasi* makes clear that Congress could have extended the *Carlson* damages remedy to cases involving other types of prisoner mistreatment, but chose not to []." *Dudley* [*v. United States of America*], 2020 WL 532[33]8, at *7; *see also Watkins* [*v. Three Admin. Remedy Coordinators of Bureau of Prisons*], 2021 WL 2070612, at *3, 998 F.3d 682 (finding special factors counseled against extending *Bivens* to First-Amendment retaliation claim, noting that "[t]he Prison Litigation Act, which governs lawsuits brought by prisoners, 'does not provide for a standalone damages remedy against federal jailors ...' [s]o out of respect for Congress and the longstanding principle of separation-of-powers, we cannot imply such a remedy in this case") (internal citation omitted).

*Awan*, 2021 WL 2690088, at *10.

Another special factor against expanding *Bivens* relates to the "administration of the federal prison system." *Awan*, 2021 WL 2690088, at *10. *See also Petzold v. Rostollan*,

8 / 11

946 F.3d 242, 248 n.21 (5th Cir. 2019) ("[W]e are unlikely to imply a *Bivens* remedy for this new context as 'special factors' counsel hesitation in federal prison administration.") (citing *Abbasi*, 137 S. Ct. at 1857-58); *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) ("'[L]egislative action suggesting that Congress does not want a damages remedy[] counsels against judicial do-it-yourself projects. Congress paid close attention to inmate constitutional claims when it enacted the [PLRA]. The Act 'does not provide for a standalone damages remedy against federal jailers.'") (quoting *Abbasi*, 137 S. Ct. at 1865) (citations omitted).

Lastly, Plaintiff has an alternative remedial process available to him pursuant to the Federal Bureau of Prisons' Administrative Remedy Program. "Under this program, prisoners can file grievances about any aspect of their confinement, the agency must provide written responses in specified time frames, and prisoners may appeal institutional-level responses to the agency's regional and central offices." *Awan*, 2021 WL 2690088, at *11 (citations and internal quotations omitted). Courts consistently recognize that this federal program is a special factor that operates to preclude the expansion of the *Bivens* remedy. *Id.* (collecting cases).

Accordingly, the undersigned refrains from inferring new *Bivens* claims in the context of Plaintiff's particular Eighth Amendment indifference claims against Officer Castro. These claims against Officer Castro in his individual capacity, therefore, should be dismissed with prejudice for failure to state a claim for relief.

## V.     RECOMMENDATION

For the reasons discussed above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court: (1) **DISMISS** the **BOP** from this action; (2) **DISMISS with prejudice** Plaintiff's Eighth Amendment claims against **Officer Castro** in his official capacity; and(3) **DISMISS with prejudice** Plaintiff's Eighth Amendment claims against **Officer Castro** in his individual capacity for failure to state a claim for relief.  The undersigned further respectfully recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on November 19, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).